FILED

2009 Jan-28  PM 06:20
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **$8,998.00 IN U.S. CURRENCY, ONE** | ) | Civil Action Number |
| **(1) CADILLAC CTS, VIN. NO.** | ) | **6:07-cv-01273-UWC** |
| **1G6DM57N430100355,  ALABAMA** | ) | |
| **GLOBAL WAR ON TERRORISM** | ) | |
| **TAG NO. 71F3F;** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **KENYADA WALLACE,** | ) | |
| | ) | |
| Claimant. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is Plaintiff United States of America's Motion for

Reconsideration of Order Vacating Default Judgment and Forfeiture, (Doc. 20), and

Claimant Kenyada Wallace's Motion for Judgment on the Pleadings, (Doc. 19.)  For

the reasons which follow, both motions are due to be denied.

I

Kenyada Wallace ("Claimant") has been the owner of the Cadillac CTS, VIN

No.: 1G6DM57N430100355 ("CTS") at all material times.  She has been a full-time

in active service of the United States Military since August 2002.  Claimant was deployed by the Military to Fort Benning, Georgia for training in Georgia in January 2006. She was not permitted to bring her son. Therefore, she left him with his father; Richard Thomas. Because Thomas did not have reliable transportation, she also entrusted her CTS to him so that their child could be safely transported by his father to school and to the doctor.

While on active duty in Georgia, Claimant was personally served with a copy of the forfeiture complaint in this action. Although she contacted an attorney, the attorney failed to file a responsive pleading. Because of her failure to answer, this Court ordered forfeiture of the CTS on November 2, 2007. The CTS was forfeited to the United States.

Thereafter, The United States Bureau of Alcohol, Tobacco & Firearms ("ATF") paid off the outstanding lien on the CTS and took steps to place it in official use. It has not yet been placed in official use.

## II

On November 10, 2008, on motion of Claimant pursuant to the Servicemembers Civil Relief Act ("SCRA"), the Court vacated the Forfeiture Order, based on the ."innocent owner" defense.

Claimant has moved the Court for judgment on the pleadings, Doc. 19, arguing

that in view of her impending November 31, 2008,  deployment to Afghanistan, the interest of justice requires that judgment be entered in her favor. While not formally opposing the motion, the Government has moved the Court to reconsider the vacatur. Doc. 20.

III

The purpose of the SCRA is "to enable [servicemembers] to devote their entire energy to the defense needs of the Nation; and to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C.A. § 502.

In furtherance of this purpose, the SCRA provides for vacating a default judgment where:

> a default judgment is entered . . . against a servicemember during the servicemember's period of military service . . ., the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that–(A) the servicemember was materially affected by reason of that military service in making a defense to the action; and (B) the servicemember has a meritorious or legal defense to the action or some part of it.

50 App. U.S.C.A. § 521.

The "innocent owner" defense to a civil forfeiture proceeding includes an

owner who "did not know of the conduct giving rise to forfeiture."  18 U.S.C.A. § 983(d)(I).

## IV

The Government argues that the vacatur of the forfeiture order was improper because: a) Claimant's failure to file a timely claim and answer was not the result of "excusable neglect"; b) Claimant has no standing to file a motion under Fed. R. Civ. P. 60(b); c) Claimant's pleadings do not establish that she is an "innocent owner" of the CTS; and d) the Government will be prejudiced if the forfeiture order is vacated.

The Government's "excusable neglect" argument is irrelevant because Claimant does not seek relief based on excusable neglect.  Though she does not specifically state the specific Fed. Rule Civ. P. 60(b) ground under which she seeks relief,  her position is covered by either Fed. Rule Civ. P. 60(b)(4)[1] or (6)[2].

The Government's argument that Claimant has no standing to file a motion under Fed. R. Civ. P. 60(b) also fails. The SCRA provides that a claimant seek to vacate a vacate a default judgment after having failed to make an appearance.  50 App. U.S.C.A. § 521(a) ("This section applies to any civil action or proceeding in which the defendant does not make an appearance.").

---

[1]"[T]he judgment is void."  Fed. R. Civ. P. 60(b)(4).

[2]"[A]ny other reason that justified relief."  Fed. R. Civ. P. 60(b)(6).

The Government misreads applicable SCRA provisions when it argues that Claimant's pleadings do not establish that she is an innocent owner.  The SCRA does not require that Claimant *establishes* that she is an "innocent owner;"  rather, it requires  that "the service member *has a meritorious or legal defense* to the action or some part of it."  50 App. U.S.C.A. § 521(g)(1)(B) (emphasis added); *See also Sprinkle v. SB&C, LTD, et al.,* 472 F. Supp. 2d 1235, 1244 (W.D. Wash. 2006) (the SCRA "has long been liberally construed to protect those men and women who drop their own affairs to take up the burdens of their country" (citations omitted)). A service member  is not required to prove its defense in her pleadings.

Here, Claimant plead that she did not pay for the CTS with the proceeds of a criminal offense, the CTS was not intended to be used for a crime, and that she neither had knowledge  nor  gave consent for the CTS to be used for an illegal purpose.

Therefore, Claimant has  plead sufficient facts for her "innocent owner" defense.

Lastly, the Government argues that it will be prejudiced if the forfeiture is vacated because the ATF has paid the outstanding lien on the CTS,  and ATF headquarters has approved a request to place the vehicle in official use. To the extent that the Government would suffer prejudice, it is greatly outweighed by the prejudice

which Claimant would suffer if her SCRA right to defend the merits of the claim is ignored by the Court.

For these reasons, the Government's Motion for Reconsideration of Order Vacating Default Judgment and Forfeiture must be denied.

V

Because the Government has placed in dispute the issue of innocent owner, Claimant's motion for judgment on the pleadings is must be denied.[3]

Conclusion

By separate Order, the pending motions will be denied.

Inasmuch as the Claimant is now deployed to Afghanistan, this action must be stayed.[4]

_____

U.W. Clemon

United States District Judge

---

[3]*Douglas Asphalt Co. v. Qore, Inc.,* 541 F.3d 1269, 1273 (11th Cir. 2008) ("Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.")

[4].Pursuant to 50 App. U.S.C.A. 521(d), the Court determines that there is an innocent owner defense to the action and the defense cannot be presented without the presence of the Claimant.